UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | |
|---|---|
| JOHN OTIS THORNTON, JR., | |
| Petitioner, | |
| v. | No. 5:23-CV-00238-H |
| DIRECTOR, TDCJ-CID, | |
| Respondent. | |

### ORDER

Petitioner John Otis Thornton, Jr., a self-represented state prisoner, has filed eight motions in this pending 28 U.S.C. § 2254 habeas action. He requests summary judgment and entry of default judgment. Dkt. Nos. 26, 29, 31. He also seeks sanctions against the state trial judge who presided over his criminal proceedings. Dkt. No. 28. He asks for free copies of his state-court records and asks that the Court require the State to file transcripts from his guilty-plea proceedings. Dkt. Nos. 32, 33, 34. Finally, he asks the court to set a hearing on his motions and make a final ruling. Dkt. No. 36. As explained below, the Court denies the motions.

**1.   Summary Judgment**

First, Petitioner filed a motion for summary judgment under Federal Rule of Civil Procedure 56. Dkt. No. 26. He asserts that he is entitled to summary judgment because Respondent produced "no evidence" of his guilt. *Id.* at 1. He acknowledges that Respondent attached to its answer copies of his state-court judgment of conviction, written admonishments, waiver of rights, stipulation, and judicial confession. *Id.* at 1–2. But he contends that he did not sign those papers, and that the waivers "have nothing to do with

criminal prosecutions," anyway. *Id.* at 2. He also disagrees with Respondent's assertion that his federal petition is time-barred.

The Court finds that a motion for summary judgment is not the proper method of adjudicating this habeas petition. *See Browder v. Director, Ill. Dep't of Correction*, 434 U.S. 257, 269, n.14 (1978); *Wilson v. Dretke*, No. 3:04-CV-0933-R, 2005 WL 3534221 (N.D. Tex. Nov. 30, 2005). The Rules Governing Section 2254 Cases in the United States District Courts do not contemplate such a motion. Although Rule 12 of those rules permits the Court to apply the Federal Rules of Civil Procedure when appropriate, the Court deems it inappropriate for petitioner to pursue a motion for summary judgment under Rule 56[1]—especially when, as here, the motion seeks the same relief as the underlying habeas petition. The motion for summary judgment is denied.

2. **Sanctions**

Petitioner also moved for sanctions against "the State of Texas," including "Prosectution, Trial Judge, Office of Attorney General and Trial Attorney—Lawyers Probono Office [all sic]." Dkt. No. 28. He asserts that the prosecutor, his defense lawyer, the state trial judge, and the Office of the Attorney General all violated the Texas Disciplinary Rules of Professional Conduct by committing fraud, forgery, misrepresentation, and gross negligence, and he seeks monetary damages totaling $10,928,000.

First, Petitioner's conclusory allegations of unethical conduct are wholly unsupported and frivolous. Second, Petitioner's request for monetary damages is not

---

[1] As a general principle, Rule 56 applies with equal force in the context of habeas corpus cases so long as it does not conflict with the habeas rules. *See Smith v. Cockrell*, 311 F.3d 661, 668 (5th Cir. 2002) (quoting *Clark v. Johnson*, 202 F.3d 760, 764 (5th Cir. 2000)).

cognizable in this habeas action. *See Preiser v. Rodriguez,* 411 U.S. 475, 494 (1973). The Court denies the motion for sanctions. Dkt. No. 28.

3. **Default Judgment**

Next, Petitioner filed two motions seeking entry of default judgment because Respondent failed to respond to his motion for summary judgment and his motion for sanctions. Dkt. Nos. 29, 31. But Respondent has appeared in this case and timely filed its answer to the petition. In its answer, Respondent asserts that it "opposes any future, substantive motions filed by Thornton—including, without limitation, a motion for equitable tolling, a motion to amend and/or supplement his petition, and a motion for an evidentiary hearing—and will respond to any such motions only upon order of the Court." Dkt. No. 17 at 2. Petitioner filed his reply on January 9, 2024. Dkt. No. 21. The Court has not required any additional briefing from the parties.

In any event, default judgment is not appropriate in habeas proceedings because the failure of a respondent to file a timely answer does not nullify a lawful confinement. *See e.g. Broussard v. Lippman,* 643 F.2d 1131, 1134 (5th Cir. 1981). Petitioner's motions for entry of default judgment are denied. The Clerk will take no further action on Petitioner's requests. Dkt. Nos. 29, 31.

4. **State-Court Records**

Then, Petitioner filed three motions requesting that Respondent supplement the administrative record in this case with a copy of transcripts from his plea proceedings and requesting a free copy of the transcripts and "any other documents [he] may need in the future." Dkt. Nos. 32, 33, 34.

Here, Respondent filed the entire state-court record—totaling 340 pages—with the Court, separate from its answer. Dkt. No. 19. But it did not send the complete record to Petitioner because it was not required to do so. *See Sixta v. Thaler*, 615 F.3d 569, 572 (5th Cir. 2010). Instead, and in accordance with the Court's instructions, *see* Dkt. No. 13, Respondent designated relevant portions of the record as exhibits and attached them to its answer in an appendix. Dkt. No. 17-1.

Petitioner acknowledges that Respondent sent him its appendix with relevant excerpts from the record. But he argues that "transcripts of [his] trial" are necessary for the Court to "conduct a meaningful sufficiency review" of his petition. Dkt. No. 33 at 1, Dkt. No. 34 at 1. So, he asks the Court to compel Respondent to file a copy of the transcripts and to provide him with a free copy. *See* Dkt. Nos. 32, 33, 34.

Generally, an indigent petitioner is not entitled to receive a free copy of his trial records for state or federal habeas corpus purposes just because he is indigent. *See United States v. MacCollom*, 426 U.S. 317, 319–28 (1976). Although a court may, in its discretion, order the clerk to provide an indigent prisoner with free copies of the record, the petitioner has the burden to show relevance and need. *See* 28 U.S.C. § 2250; *see Althouse v. Cockrell*, No. 3:01-CV-0779-R, 2004 WL 377049 at *2 (N.D. Tex. Feb.13, 2004).

Petitioner has not demonstrated relevance or need for any transcripts. First, the Court notes that there was no trial in this case. Petitioner pled guilty and was sentenced pursuant to a plea agreement on April 3, 2007. Dkt. No. 19-2 at 34. Second, this petition is fully briefed. The Court does not anticipate that any further briefing will be required. Third, Petitioner has failed to demonstrate that he requires the transcripts of his plea proceedings to brief the issues he has raised or to rebut Respondent's statute-of-limitations

defense. As a result, Petitioner's motions to compel Respondent to file transcripts and provide him with a free copy are denied.

5. **Evidentiary Hearing**

Finally, Petitioner asks the Court to set a hearing on his petition and his pending motions and to "make a final ruling." Dkt. No. 36.

A federal habeas court may not hold an evidentiary hearing unless the petitioner first demonstrates that his claim relies on either a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court, or a factual predicate that could not have been previously discovered through the exercise of due diligence. 28 U.S.C. § 2254(e)(2)(A). Additionally, the petitioner must show that the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the petitioner guilty of the underlying offense. 28 U.S.C. § 2254(e)(2)(B).

"However, overcoming the narrow restrictions of § 2254(e)(2) does not guarantee a petitioner an evidentiary hearing, it merely opens the door for one." *Murphy v. Johnson*, 205 F.3d 809, 815 (5th Cir. 2000). Courts next must consider whether (1) there is a factual dispute which, if resolved in petitioner's favor, would entitle him to relief and (2) the state failed to afford him a full and fair hearing. *Id.* at 815–16. An evidentiary hearing is only required when the federal court lacks sufficient undisputed facts to make an informed decision. *Barrientes v. Johnson*, 221 F.3d 741, 770 (5th Cir. 2000). And the petitioner must identify a specific factual dispute rather than making general allegations because the rules do not permit fishing expeditions. *Murphy*, 205 F.3d at 816–17.

Here, Petitioner has not made either of the required showings under Section 2254(e)(2), nor has he identified a specific factual dispute which would entitle him to relief. Moreover, the Court has now resolved Petitioner's pending motions. Thus, the Court denies the motion for a hearing.

To the extent Petitioner seeks an expedited ruling on his habeas petition, that request is also denied. It is well established that a district court has inherent power to control its docket. *United States v. Colomb*, 419 F.3d 292, 299 (5th Cir. 2005). This power authorizes the Court to choose the order in which to hear and decide pending matters. *Marinechance Shipping, Ltd. v. Sebastian*, 143 F.3d 216, 218 (5th Cir. 1998). There is no statutory or constitutional right to the disposition of a habeas motion within a specific time. *See United States v. Samples*, 897 F.2d 193, 194 (5th Cir. 1990) (considering a motion to expedite a motion to vacate sentence under 28 U.S.C. § 2255). Section 1657 requires that courts expedite matters when good cause is shown. But this requirement is "relative, not specific." *Samples*, 897 F.2d at 194.

Petitioner has not shown good cause for the Court's consideration of his habeas petition before older matters. Thus, Petitioner's request for expedited review is denied. The petition remains pending and will be considered by the Court in due course.

6.  **Warning**

The Court warns Petitioner that frivolous filings by prisoners consume inordinate amounts of scarce judicial resources and may result in the delay of the courts' hearing of valid complaints. *See Holloway v. Hornsby*, 23 F.3d 944, 946 (5th Cir. 1994). Repeated frivolous filings in a particular case can slow the review process and delay the Court in reaching meritorious requests. Filings like Plaintiff's eight motions here may be construed

as frivolous, and **the Court warns Plaintiff that if he files additional frivolous documents in this case, sanctions may be imposed against him. Those sanctions may include monetary sanctions or a complete bar to filing pleadings without leave of the Court.**

So ordered.

Dated January __, 2025.

                                                            JAMES WESLEY HENDRIX
                                                            United States District Judge