UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

JOHN OTIS THORNTON, JR.,

           Petitioner,

v.

DIRECTOR, TDCJ-CID,

           Respondent.

No. 5:23-CV-00238-H

## OPINION AND ORDER

Petitioner John Otis Thornton, Jr., a self-represented state prisoner, filed this petition for writ of habeas corpus under 28 U.S.C. § 2254 to challenge his 2007 murder conviction and life sentence. Respondent filed an answer with copies of Petitioner's relevant state-court records, arguing that the petition is untimely, procedurally barred, and otherwise without merit. Dkt. Nos. 17, 19. Petitioner filed a reply, arguing that the limitation period does not apply to his case because he waived his right to appeal as part of his guilty plea. Dkt. No. 21-1. Thus, he contends that his petition should be deemed timely, and he insists that his claims have merit. *Id*. Additionally, Petitioner field a motion to supplement his reply with additional authorities. Dkt. No. 39. The Court denies the motion to supplement as futile.[1] But as explained below, after reviewing the pleadings, the record, and the applicable law, the Court concludes that the petition is untimely and without merit.

**1.     Background**

Petitioner challenges his guilty-plea conviction and life sentence out of the 140th District Court of Lubbock County, Texas. In cause no. 2006-412,884, styled *State of Texas v. John O. Thornton, Jr.*, Petitioner was charged by indictment with one count of murder. Dkt.

---

[1] Petitioner asks the court to consider two Texas Court of Criminal Appeals cases as "controlling law." Dkt. No. 39. But neither case is relevant to the Court's analysis here.

No. 19-1 at 5. On April 3, 2007, Petitioner pled guilty, and the trial court found him guilty and sentenced him to life imprisonment consistent with the plea agreement. Dkt. No. 19-2 at 27–35.

His direct appeal was dismissed by the Seventh Court of Appeals because Petitioner waived the right to appeal under the terms of his plea agreement. *See* Dkt. Nos. 19-2 at 33; 19-3. Petitioner did not file a petition for discretionary review with the Texas Court of Criminal Appeals (TCCA).

Fourteen years later, Petitioner filed motions for new trial, appointed counsel, and to vacate the judgment, which the trial court denied. Dkt. Nos. 19-11, 19-12, 19-13. He appealed, but the appellate court again dismissed the appeal for lack of jurisdiction. Dkt. No. 19-7.

Petitioner filed his first application for state habeas relief on November 7, 2022. Less than two months later, the TCCA denied the application without written order on the findings of the trial court without a hearing and on the court's independent review of the record. Dkt. No. 17-1 at 3. Then Petitioner filed a second state habeas application, but the TCCA dismissed it as subsequent. Dkt. No. 17-1 at 50.

Petitioner filed this federal petition on May 8, 2023.[2] Dkt. No. 1. He alleges that he received ineffective assistance of counsel when his attorney failed to request a competency evaluation and failed to share discovery or consult with Petitioner. He asserts that his counsel's errors resulted in his involuntary guilty plea and his conviction is a miscarriage of justice because he was not of sound mind.

---

[2] *See Spotville v. Cain,* 149 F.3d 374, 378 (5th Cir. 1998) (providing that a prisoner's habeas petition is deemed to be filed when he delivers the papers to prison authorities for mailing).

Respondent argues that the Court should deny Petitioner's claims and dismiss the petition with prejudice because it is barred by the applicable statute of limitations. Alternatively, Respondent argues that Petitioner's claims are procedurally barred from federal review because the state habeas court rejected them on a state procedural ground—the doctrine of laches. Finally, Respondent argues that Petitioner's ineffective-assistance claims are meritless, his guilty plea was knowing and voluntary, and he has failed to overcome AEDPA's deferential standard. Thus, Respondent urges the Court to deny Petitioner's claims and dismiss the petition with prejudice.

**2.   Discussion**

The Court has reviewed Petitioner's pleadings, Respondent's answer, and the state court records submitted by Respondent. The Court finds that an evidentiary hearing is not necessary to resolve the instant petition. *See Young v. Herring*, 938 F.2d 543, 560 n.12 (5th Cir. 1991) (explaining that "a petitioner need not receive an evidentiary hearing if it would not develop material facts relevant to the constitutionality of his conviction").

    **A.   Petitioner's claims are time-barred.**

        **i.   Statute of Limitations**

Petitioner's petition is subject to review under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).[3] AEDPA establishes a one-year limitation on filing federal habeas corpus petitions. Specifically, 28 U.S.C. § 2244(d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to a judgment of a State court. The limitation period shall run from the latest of —

---

[3] Petitioner's claim that AEDPA does not apply to his case because he was convicted of capital murder is wrong. AEDPA applies to both capital and noncapital cases. *See Lindh v. Murphy*, 521 U.S. 320 (1997) (finding that AEDPA's new provisions for capital cases expressly applied to then-pending cases, but the statute's amended provisions for noncapital cases only applies to habeas petitions filed after the statute's effective date). Petitioner's federal petition was filed well after AEDPA's 1996 effective date.

3

> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

In "rare and exceptional circumstances," the doctrine of equitable tolling may preserve a Petitioner's claims when the strict application of the statute of limitations would be inequitable. *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998); *Larry v. Dretke*, 361 F.3d 890, 896-97 (5th Cir. 2004). Equitable tolling does not apply when an applicant has "failed to diligently pursue his rights." *Larry*, 361 F.3d at 897. Additionally, the Petitioner must show that "some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Fla.*, 560 U.S. 631, 649 (2010).

### ii.   Discussion

Petitioner waited 16 years after his conviction became final before he sought federal habeas relief—well beyond the one-year deadline imposed by the statute. He did not identify any state-created impediment that prevented him from timely seeking review, nor does he rely on any newly recognized constitutional right. Moreover, all of his grounds for relief are based on factual allegations that were known to him at the time he entered his guilty plea.

Petitioner has also failed to show that he is entitled to any statutory or equitable tolling. His state habeas applications did not toll the limitation period because they were each filed well after the limitation period had already expired. And Petitioner did not show that any extraordinary circumstance stood in his way and prevented him from timely filing his petition. But in any event, Petitioner's lengthy delay in seeking review demonstrates a lack of diligence that precludes any equitable tolling. Thus, because his petition was filed almost 15 years too late, the Court dismisses it as untimely.

### B.   In any event, Petitioner's claims fail.

Alternatively, the Court finds that Petitioner's claims are without merit. First, as explained by Respondent's answer, the Court finds that Petitioner's claims are procedurally barred by the state court's application of the doctrine of laches. But to the extent that the TCCA denied them on the merits,[4] Petitioner has failed to show that the state-court's adjudication of his claims resulted in a decision contrary to clearly established federal law or resulted in a decision based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. 28 U.S.C. § 2254(d). Thus, the Court finds that the petition must be denied.

### 3.   Conclusion

For the reasons discussed above and based on the facts and law set forth in Respondent's answer, the Court finds Petitioner's claims should be denied.

The Court therefore orders:

(1)   The petition for writ of habeas corpus is denied and dismissed with prejudice.

(2)   All relief not granted is denied, and any pending motions are denied.

---

[4] Under Texas law, denial of a habeas petition, rather than a dismissal, suggests that the state habeas court's adjudication of claims was on the merits. *See Salazar v. Dretke,* 419 F.3d 384, 398–99 (5th Cir. 2005).

(3) Under Rule 22 of the Federal Rules of Appellate Procedure and 28 U.S.C. § 2253(c), this Court finds that a certificate of appealability should be denied. For the reasons set forth above and in Respondent's answer, Petitioner has failed to show that reasonable jurists would find (1) this Court's "assessment of the constitutional claims debatable or wrong," or (2) "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this Court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).

The Court will enter judgment accordingly.

Dated January 27, 2026.

                                                   _/s/ James W. Hendrix_
                                                   James Wesley Hendrix
                                                   United States District Judge